In the Matter of DAVID J. MINTZ, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [803 NYS2d 802]—

Per Curiam. Respondent was admitted to practice by this Court in 1987 and has practiced law in Colorado, where he was admitted in 1980.

By order dated June 16, 2005 (2005 WL 1428535, 2005 Colo Discipl LEXIS 52 [Colo 2005]), the Supreme Court of Colorado suspended respondent from the practice of law for a period of 90 days, which suspension was stayed upon conditions that respondent successfully complete a one-year period of probation, attend and pass an ethics course, and make payments of $13,642.13 to one client and $250 to two other clients. According to the underlying stipulation, respondent, among other things, charged a personal injury client an unreasonable fee in the amount of $13,392.13, failed to adequately advise this client and two other clients that they would be billed estimated flat fees of $250 for copies and postage, and inappropriately loaned a client $2,500.

Petitioner moves for an order imposing reciprocal discipline (*see* 22 NYCRR 806.19). Respondent has submitted an affidavit in opposition.

We grant petitioner's motion. We further conclude that, under the circumstances presented, respondent should be suspended from the practice of law in this state for a period of one year.

Peters, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from the practice of law for a period of one year, effective immediately, and until further order of this Court; and it is further ordered that respondent, for the period of suspension, is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is forbid-

den to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority; or to give to another an opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).